Dear Constable Speight:
This office is in receipt of your opinion request in which you ask if the Sabine Parish Police Jury is required to let you speak at their police jury meetings. You also ask an interpretation of LSA-R.S. 33:1704.A(22), as it relates to civil writs of arrest and payment for the constable for fees and mileage in executing these civil writs.
Louisiana's Open Meetings Laws are found in Title 42 of the Louisiana Revised Statutes. Specifically, LSA-R.S. 42:5, states in pertinent part:
 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
Meeting is defined in LSA-R.S. 42:4.2(A)(1), as follows:
 (1) "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
As the police jury is a public body, its meetings must be open to the public in accordance with the above cited statutes. Thus, you as a citizen have a right to attend these meetings. However, we have found no statutes which require a police jury to allow a citizen or another public official to be placed on the agenda. For you to be placed on the agenda for your local police jury, you must ask their permission.
LSA-R.S. 33:1704, states in pertinent part:
 A. Constables and marshals, except in Orleans Parish and as provided by R.S. 33:1704.1, shall be entitled to the following fees of office, and no more, in civil matters:
* * *
 (22) For executing writ of arrest and making return thereon, eight dollars.
Civil writs of arrest were provided for in Code of Civil Procedure Articles 3501 to 3613. However, according to the index of the Code of Civil Procedure, these provisions for a civil arrest have been abolished. Please note that the above cited statute applies to civil cases only.
LSA-R.S. 13:2589, states in pertinent part:
 A. Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
As the provisions for civil writs of arrest have been abolished and as you are to receive no compensation other than a salary from your parish governing authority for execution of criminal writs of arrest, you shall receive no mileage or per writ fees in executing these writs.
LSA-R.S. 13:2590(B), in reference to civil filings and services, states:
 B. Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office.
Thus, for civil matters, you should receive one-half of all fees received by the justice of the peace. These fees will be used by you, as constable, to cover expenses such as mileage.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Date Received: Date Released:
J. RICHARD WILLIAMS Assistant Attorney General